UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RHYON DRAMON WALKER,

        Petitioner,

v.

DEWAYNE BURTON,

        Respondent.

_____/

Case No. 1:18-cv-1033

Honorable Janet T. Neff

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.  **Factual allegations**

Petitioner Rhyon Dramon Walker is incarcerated with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. Following a jury trial in the Clinton County Circuit Court, Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529; assault with intent to rob while armed, Mich. Comp. Laws § 750.89; carrying a concealed weapon (CCW), Mich. Comp. Laws § 750.227; and two counts of possessing a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On February 19, 2013, the court sentenced Petitioner as a second-offense habitual offender, Mich. Comp. Laws § 769.10, to two prison terms of 9 to 20 years on the armed-robbery and attempt-to-rob-while-armed convictions and one term of 2 to 5 years on the CCW conviction, consecutive to two terms of 2 years on the felony-firearm convictions.

Petitioner appealed his convictions to the Michigan Court of Appeals. The following facts are taken from the opinion of the Michigan Court of Appeals:

> Defendant and one of the complainants, Delbert Crawford, were casual acquaintances. According to defendant, he had arranged with Crawford to meet him at his apartment on September 19, 2012, so that defendant could purchase marijuana from Crawford. Crawford disputed this account and testified that they had planned only to smoke marijuana together. Crawford testified that defendant arrived at his apartment on September 19 with another man, whom he did not recognize, and that both men were carrying handguns. According to Crawford, the unknown man pointed his gun at Crawford, after which Crawford "tussled" with the man. During the struggle, Crawford testified, he was knocked to the ground. According to Crawford, defendant then entered the apartment and walked around to "secure" it. While defendant was securing the apartment, Crawford's roommate, Zach Converse, emerged from a bathroom and encountered defendant, who ordered him to the ground, according to Converse. Crawford testified that defendant's accomplice reached into Crawford's pocket and took $300 in cash and Crawford's cellular telephone, and then both men left.
>
> Defendant claimed that he had arrived at Crawford's apartment by himself, without incident and with no firearm. According to defendant, Crawford measured out an amount of marijuana for him that was less than the quarter pound they had

2

> agreed upon. Defendant testified that when he asked Crawford to make the amount "right," Crawford told him to wait and went into a back room. While Crawford was gone, according to defendant, he took Crawford's marijuana, hiding it beneath his shirt, and walked out of the apartment.

*People v. Walker*, No. 314960, slip op. at 1-2 (Mich. Ct. App. Op. Dec. 9, 2014), http://publicdocs.courts.mi.gov/opinions/final/coa/20141209_c314960_33_314960.opn.pdf. In the appellate brief filed by counsel, Petitioner challenged the scoring of offense variables (OVs) 7 and 14 and contended that the evidence was insufficient to support the CCW conviction. In his pro per supplemental brief, Petitioner alleged that the prosecutor had engaged in various instances of misconduct and that the trial court had erred in failing to correct the prosecutor's actions. The court of appeals addressed Petitioner's claims in full and determined that Petitioner had failed to demonstrate prosecutorial misconduct. *Id.*, slip op. at 5-6.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same grounds. The supreme court denied leave to appeal on May 28, 2015.

On April 6, 2016, Petitioner filed a motion for relief from judgment in the Clinton County Circuit Court, claiming that counsel had been ineffective during plea negotiations and that Petitioner had been denied his Sixth Amendment rights when the trial court mandatorily increased his sentence based on facts not found by the jury or admitted by Petitioner. In an opinion and order issued on October 4, 2016, the court rejected both grounds for relief. (Op. & Order Den. Relief from J., ECF No. 1-1, PageID.32-39.)

Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same two grounds. Those courts denied leave to appeal on May 12, 2017, and May 29, 2018, respectively.

On September 6, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to

the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on September 6, 2018. (Pet., ECF No. 1, PageID.11.)

The petition raises the same two grounds he presented in his motion for relief from judgment:

> I. [Petitioner's] trial counsel was constitutionally ineffective during plea negotiations.
>
> II. [Petitioner's] 6th amendment right to trial by jury violated in violation of Apprendi v. New Jersey, Alleyne v. US and Lockridge.

(Pet., ECF No. 1, PageID.6-7.)

### II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not

4

consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-382; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings

5

of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Ground I: Ineffective Assistance of Counsel

In his first ground for habeas relief, Petitioner contends that his trial attorney was ineffective during plea negotiations. Specifically, Petitioner asserts that his trial attorney advised him that if he pleaded guilty to two counts of unarmed robbery and one count of carrying a concealed weapon, the minimum guidelines range would be four to seven years' imprisonment. Petitioner argues that the correct guidelines range for these convictions should have been one to two years, with a maximum sentence of fifteen years. Petitioner also argues that counsel should have ensured that Petitioner received a guarantee of the "correct" range by pursuing a sentence agreement under *People v. Cobbs*, 505 N.W.2d 208, 283 (Mich. 1993).[1]

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see*

---

[1] In *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), the Michigan Supreme Court approved the use of a process, under which a judge conducts a preliminary evaluation of the case and makes a tentative offer of the sentence prior to a defendant's entry of a plea. The supreme court held that such an agreement was lawful, if the defendant is given the right to withdraw the plea when and if the judge on full review decided not to honor the earlier agreement. A *Cobbs* agreement *may* be negotiated by the parties and approved by the court, in its discretion, but such an agreement is negotiated only in a minority of cases.

*also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 571 U.S. 12, 13 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

In its opinion and order denying Petitioner's motion for relief from judgment, the trial court concluded that Petitioner's claim was procedurally barred, because he did not raise the claim on direct review. The court held that Petitioner had not shown cause or prejudice to excuse his failure to raise the claim on direct review:

> Defendant alleges that his trial counsel was ineffective because trial counsel misrepresented the guideline range for his plea offer of two counts of unarmed robbery and one count of carrying a concealed weapon, which resulted in rejection of the offer. Specifically, the Defendant claims his trial counsel calculated four to seven years as the guideline range for unarmed robbery, and alleges that the most he could have received based on "correctly scored guidelines" would have been

7

less than two years. As to his appellate counsel, Defendant claims appellate counsel was inadequate for failing to raise an ineffective assistance of counsel claim on appeal. Specifically, the Defendant tacks on an ineffective assistance of appellate counsel argument at the end of his motion after alleging ineffective assistance of trial counsel, without pointing to a specific failure on behalf of appellate counsel.

An ineffective assistance of counsel claim is subject to the framework established by *Strickland v Washington,* 466 U.S. 668, 687 (1984). *People v Pickens,* 446 Mich 298, 325-27; 521 NW2d 797 (1994) (adopting *Strickland* as the standard for ineffective assistance of counsel). *Strickland* requires a defendant to show: (1) counsel's performance was deficient, and (2) that the deficient performance was prejudicial to the defendant. *People* v *Corteway,* 212 Mich App 442, 444; 538 NW2d 60 (1995). This is an objective standard, id at 449, and it is the defendant's burden to prove inadequacy, *People* v *Ginther,* 390 Mich 436, 442-43; 212 NW2d 105 (1983). "'While not insurmountable, it is clear that this burden is highly demanding. . . .' There is a strong presumption that counsel's performance falls within the 'wide range of [reasonable] professional assistance,'" *People v Reed,* 449 Mich 375, 390-91; 535 NW2d 496 (1995) (quoting *Strickland,* 466 U.S. at 688). An ineffective assistance of counsel claim applies to both trial and appellate counsel. Id.

A claim of ineffective assistance of counsel must be factually supported on the record. *Ginther,* 390 Mich at 442-43. In other words, a Court "will not review a claim for ineffective assistance of counsel based on allegations not supported by the record where no motion for a new trial or for an evidentiary hearing or a motion for remand has been filed." *People v Lawson,* 124 Mich App 371, 373; 335 NW2d 43 (1983) overruled on other grounds by *People v Buie,* 491 Mich 294; 817 NW2d 33 (2012); see also *People v Hale,* 99 Mich App 177; 297 NW2d 609 (1980). Thus, a claim not supported by the record or made on appeal is waived. See *Matter of Schmeltzer,* 175 Mich App 666, 673; 438 NW2d 866 (1989) suspended on other grounds by statute as stated in, *In re Luttman,* unpublished per curiam opinion of the Michigan Court of Appeals, Docket No. 328122, Jan. 12, 2016.

A claim of ineffective assistance of appellate counsel based on failure to raise an ineffective assistance of trial counsel claim on appeal is a "double procedural default," and to overcome this hurdle, a defendant must "'show that [trial] counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial' . . . [and the] [d]efendant must also show that appellate counsel's performance fell below an objective standard of reasonableness and was constitutionally deficient." *Reed,* 449 Mich at 390 (quoting *Pickens, 446 Mich* at 303). Thus, a defendant must show ineffective assistance of both appellate and trial counsel to overcome the claim being barred. Failure to raise *all* non-frivolous claims is not sufficient to establish a claim for ineffective assistance of appellate counsel. *Reed,* 449 Mich at 379-83.

> As to Defendant's claim of ineffective assistance of trial counsel, Defendant did not file a motion for new trial, nor did he request an evidentiary hearing or a motion for remand to appropriately place this matter in the record. Because the record is void of facts sufficient to support these allegations, and this claim could have been raised on appeal, the claim is waived and barred. As to Defendant's claim of ineffective assistance of appellate counsel, Defendant tacks on an ineffective assistance of appellate counsel argument at the end of his motion after alleging ineffective assistance of trial counsel. There is no evidence that appellate counsel was ineffective. Not only did appellate counsel argue offense variables 7 and 14 were improperly scored, but also argued other aspects of the trial. *See Walker, supra.* Failure to raise all available non-frivolous legal arguments is insufficient to rebut the presumption that trial counsel performed adequately. *See Reed, supra.* Further, the Defendant has the burden of establishing not only ineffective assistance of appellate counsel, but also ineffective assistance of trial counsel to overcome this procedural default. Id. Even if the Defendant's ineffective assistance of appellate counsel claim was supported, which it is not, the Defendant still has failed to establish ineffective assistance of trial counsel, so he has not met his burden. Thus, because failure to raise an ineffective assistance of counsel claim, only one of many arguments, is insufficient to establish deficient performance, there is no evidence of ineffective assistance of appellate counsel, and the Defendant has failed to meet his burden under *Reed,* this claim is unsuccessful.
>
> For these reasons, the Defendant's ineffective assistance of counsel claims are without factual merit and cannot serve to provide relief from judgment pursuant to MCR 6.500.

(Op. & Order Den. Mot. for Relief from J., ECF No. 1-1, PageID.34-36.) In reaching its decision, the trial court relied on the appropriate constitutional standard, as it explicitly cited *Strickland*. The court held, however, that Petitioner's claim was procedurally barred.

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster*, 324 F.3d at 436-

37; *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). Here, the trial court issued the last reasoned state-court decision in finding Petitioner's claim to be procedurally barred. *See Guilmette*, 624 F.3d at 291.

Under Mich. Ct. R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. The Sixth Circuit has held that a state-court's denial of a motion under Mich. Ct. R. 6.508(D)(2), which precludes relief if the claim already was raised and denied in a previous appeal, is a denial on the basis of collateral estoppel, which does not procedurally default a claim for habeas relief. *See Amos v. Renico*, 683 F.3d 720, 727 (6th Cir. 2012) (citing *Skinner v. McLemore*, 425 F. App'x 491, 495 (6th Cir. 2011)). For a claim that could have been raised in a previous appeal, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." Mich. Ct. R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because Mich. Ct. R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place more than 20 years later, Mich. Ct. R. 6.508(D) was a "firmly

established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

As a result, Petitioner's claim that trial counsel was ineffective during plea negotiations is procedurally defaulted. If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner does not even argue that he is actually innocent, much less demonstrate his innocence under the standard of *Schlup*, 513 U.S. at 327. Therefore, in order overcome his procedural default, he must show cause for his failure to comply with the state procedural rule and actual prejudice arising from the violation of federal law.

As he did in the state courts, Petitioner argues that the ineffective assistance of appellate counsel should excuse his failure to raise his claim of ineffective assistance of trial counsel on direct appeal. As the trial court recognized, however, to serve as cause sufficient to excuse a default, Petitioner must show that his appellate attorney's failure to raise the ineffectiveness of trial counsel on appeal itself rises to the level of a constitutional violation under

*Strickland*, 466 U.S. 668. *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

In the instant case, appellate counsel raised two sentencing errors and challenged the sufficiency of the evidence to support the CCW charge. All three grounds presented legitimate legal arguments. In contrast, as the trial court reasonably found, Petitioner provides no facts supporting his conclusory claim that trial counsel erred in advising Petitioner about the likely sentence he faced if he chose to plead guilty. In the absence of evidence that trial counsel erred, Petitioner certainly cannot demonstrate that counsel's error rises to the level of ineffective assistance. "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S. at 689). Even more clearly, Petitioner cannot demonstrate that the claim of ineffective assistance of trial counsel was stronger than those presented by appellate counsel. *Smith*, 528 U.S. at 289.

12

Petitioner therefore fails to demonstrate that appellate counsel was ineffective. As a result, he fails to show cause excusing his procedural default of his claim that trial counsel was ineffective. Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Because Petitioner procedurally defaulted his claim, he is not entitled to relief on his first habeas ground.

**IV.     Ground II:  Sentencing in Violation of the Sixth Amendment**

Petitioner argues that the trial court judge violated his Sixth Amendment right to a trial by jury and his Fourteenth Amendment right to due process, by using, to increase his mandatory minimum sentence, facts that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt. Petitioner bases his argument on the line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and including *Ring v. Arizona*, 53 U.S. 584 (2002), *Blakely v. Washington*, 542 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States*, 570 U.S. 99 (2013). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* enunciated a new rule of Sixth Amendment jurisprudence. In the subsequent case of *Blakely*, the Court applied the rule of *Apprendi* to a state sentencing-guideline scheme, under which the maximum penalty could be increased by judicial fact-finding. The *Blakely* Court held that the state guideline scheme violated the Sixth and Fourteenth Amendments, reiterating the rule that any fact that increases the maximum sentence must be "admitted by the

13

defendant or proved to a jury beyond a reasonable doubt." *See Booker*, 543 U.S. at 232 (citing *Blakely*, 542 U.S. at 303).

Subsequently, in *Alleyne*, 570 U.S. 99, the Supreme Court held that the *Blakely* line of cases applies equally to mandatory minimum sentences. In *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines scheme violates the Sixth Amendment, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables [] that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 870 N.W.2d at 506 (emphasis in original). The Court's remedy for the unconstitutionality of the Michigan guidelines was to sever and strike the mandatory component of the guidelines and make the guidelines advisory only. *Id.* at 520-21 (relying on *Booker,* 543 U.S. at 264-265 (holding that the remedy for the unconstitutionality of the mandatory federal sentencing guidelines was to sever only the mandatory component, still requiring courts to consider the guidelines, but making them advisory and subject to review for reasonableness)).

The Sixth Circuit agreed with the *Lockridge* analysis. *Robinson v. Woods*, 901 F.3d 710 (6th Cir. 2018). The *Robinson* court held that the Supreme Court's decision in *Alleyne* clearly established that Michigan's mandatory minimum sentencing scheme was unconstitutional. *Id.* at 716-17. The court reasoned that, "[a]t bottom, Michigan's sentencing regime violated *Alleyne*'s prohibition on the use of judge-found facts to increase mandatory minimum sentences." *Id.* at 716 (citing *Alleyne*, 570 U.S. at 111-12).

In the instant case, Petitioner was sentenced on February 19, 2013, five months before the Supreme Court decided *Alleyne*, but his conviction was pending on direct review for two years after *Alleyne* was decided. *Alleyne* therefore applies to Petitioner's case. *See Robinson*,

14

901 F.3d at 714-15 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), and *Booker*, 543 U.S. at 268).

The Supreme Court has recognized that not every case in which the defendant was sentenced under mandatory guidelines need be remanded for resentencing. Instead, as the Court indicated in *Booker*, 543 U.S. at 268, determining whether resentencing is warranted may depend, among other things, "upon application of the harmless-error doctrine." *Id.* Here, the mandatory nature of the sentencing guidelines at the time of Petitioner's sentence was harmless. In its opinion and order denying the motion for relief from judgment, the trial court held that it would have imposed the same sentence, even if the guidelines were advisory only. The court supported that determination by reference to its statements during sentencing. (Op. & Order Den. Mot. for Relief from J., ECF No. 1-1, PageID.38-39.)

As the courts have recognized, purely advisory applications of the guidelines do not run afoul of the Sixth Amendment. *See Booker*, 543 U.S. at 232 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); *see also Apprendi,* 530 U.S. at 481-82 (reiterating that "'a sentence imposed by a federal district judge, *if within statutory limits,* is generally not subject to review'") (emphasis added) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)). Because the trial court held that it would have imposed the same sentence regardless of whether the guidelines were mandatory or advisory, Petitioner cannot demonstrate that he was prejudiced by the mandatory nature of the guidelines at the time he was sentenced.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this

Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a Judgment and Order consistent with this Opinion.

Dated: September 27, 2018 /s/ Janet T. Neff
Janet T. Neff
United States District Judge